**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ROBERT MILLER, | Case No. 2:18-cv-02097-JAD-VCF |
| Plaintiff, | **ORDER** |
| vs. | MOTION TO STRIKE [ECF NO. 14] |
| 4INTERNET, LLC, *et al.*, | |
| Defendants. | |
| And all related actions. | |

Before the Court is Plaintiff Robert Miller's Motion to Strike Defendant/Counterclaimant's Affirmative Defenses. (ECF No. 14). For the reasons discussed below, Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

In the complaint, Plaintiff asserts Defendant 4Internet owns search engine websites that wrongfully re-posted a picture taken by Plaintiff. (ECF No. 1 at 2-5). Plaintiff brings a copyright infringement claim against Defendant. (*Id.* at 5-6). In its answer, Defendant listed ten defenses generally relating to the picture's originality and Plaintiff's conduct. (ECF No. 9 at 5-7).

Plaintiff now moves to strike each of the defenses. (ECF No. 14). Each argument will be addressed in more detail below. Plaintiff generally argues that the defenses do not contain sufficient detail or are inadequate as a matter of law. (*Id.* at 6-16; ECF No. 22 at 3-20). Defendant argues that the defenses are properly pled. (ECF No. 17 at 4-16). Defendant "concedes that defense five is redundant and does not oppose it being stricken." (*Id*. at 8).

**DISCUSSION**

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)); *see also* 2 James Wm. Moore, *Moore's Federal Practice*, § 12.37[3], 128-29 (3d ed. 2017) ("To prevail on this motion to strike, the movant must clearly show that the challenged matter 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.'").

Whether to grant a motion to strike lies within the discretion of the district court. *Whittlestone, Inc.*, 618 F.3d at 973. "[F]ederal courts generally disfavor motions to strike." *D.E. Shaw Laminar Portfolios, LLC*, 570 F.Supp.2d at 1271 (quoting *Germaine Music v. Universal Songs of Polygram,* 275 F.Supp.2d 1288, 1300 (D. Nev. 2003)). "[C]ourts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (internal quotation omitted). "Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 826 (9th Cir.1979)).

**I.      First Defense—Failure to State a Claim**

Defendant's first defense states that "Plaintiff has failed to state a claim upon which relief can be granted." (ECF No. 9 at 5). Plaintiff argues that "Defendant does not state the nature or grounds upon which this assertion rests." (ECF No. 14 at 6).

The failure to state a claim defense is clearly a catch-all provision that overlaps with Defendant's other defenses. Technically, the first defense could be stricken for failing to re-state and summarize each of Defendant's assertions in its other defenses. However, this approach does not fulfil the purpose of a Rule 12(f) motion: "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc.*, 618 F.3d at 973 (internal quotation omitted). Whether or not a failure to state a claim defense is stricken, Defendant's discovery in the case will clearly focus on the potential issues and inadequacies within the complaint. The Court should not strike a defense "to merely polish the pleadings." *Duramed Pharm., Inc. v. Watson Labs., Inc.*, No. 308-CV-00116-LRH-RAM, 2008 WL 5232908, at *4 (D. Nev. Dec. 12, 2008).

Therefore, Plaintiff's motion to strike is denied as to the first defense.

## II. Second and Eighth Defenses—Creativity and Originality

Defendant's second and eighth defenses assert that the picture at issue in this case lacks sufficient creativity and originality to qualify for copyright protection. (ECF No. 9 at 5-6). Plaintiff argues that these defenses are redundant, since creativity is part of the two-prong test for originality. (ECF No. 14 at 6-7). Plaintiff also asserts that the image clears the "low bar for originality" currently set under the law. (*Id.* at 12-13). Defendant argues that, "The Eighth Defense is similar to the Second Defense, but it is legally possible that the photograph could be found to satisfy the constitutional requirement while falling short of statutory, administrative or judicial rules." (ECF No. 17 at 5). Defendant also asserts that, based on advances in camera technology, "mere observational photography under these circumstances can no longer presumptively satisfy the minimum creativity requirement." (*Id.* at 10-13).

The Court finds that Defendant's second and eighth defenses, as currently pled, do not provide fair notice to Plaintiff of their bases. There are competing cases in this District regarding what must be alleged in a defense—merely the legal theory of the defense (*Eyetalk365, LLC v. Zmodo Tech. Corp.*, 356 F. Supp.

3

3d 1059, 1067 (D. Nev. 2018)); the legal theory and grounds for the defense (*MetroPCS v. A2Z Connection, LLC*, No. 2:15-cv-01412-JAD-CWH, 2019 WL 1244690, at *4 (D. Nev. Mar. 18, 2019)); or sufficient factual matter to show the defense is plausible (*Rimini St., Inc. v. Oracle Int'l Corp.*, No. 2:14-cv-1699-LRH-CWH, 2017 WL 7038125, at *2 (D. Nev. Nov. 17, 2017)). The Court finds the interests of both parties and the Court are best served by requiring Defendant to provide the legal theory and grounds for these defenses. This does not require any detailed factual statement, but Defendant must give some indication of what direction the defenses will take.

Defendant's second and eighth defenses do not state their grounds as currently pled—they merely state a legal theory. Even in the response to Plaintiff's motion, Defendant fails to explain how the constitutional and statutory requirements for copyright may differ. Defendant also fails to discuss in its eighth defense the theory that changing technology should result in a new test for originality and creativity in copyright cases. These details could render the second and eighth defenses adequately pled. (*See* Fed. R. Civ. P. 11(b)(2) (an attorney certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law").

Therefore, Defendant's second and eighth defenses are stricken with leave to amend.

### III.    Third Defense—Fair Use

Defendants third defense asserts that "Plaintiff's claims are barred by the doctrine of fair use…In furtherance of this defense, 4Internet shows that the image that is the subject of this lawsuit was located on the server of the New York Post, and 4Internet is an internet service provider." (ECF No. 9 at 5). Plaintiff argues that "Defendant does not state the nature or grounds for its assertion." (ECF No. 14 at 7). Defendant states that it "has asserted facts in the body of its counterclaim." (ECF No. 17 at 6).

4

The Court finds that Defendant's third defense, as currently pled, does not provide fair notice to Plaintiff of its basis. Each defense must state its own grounds. Defendant cannot rely on the facts asserted throughout an answer or counterclaim, putting the burden on Plaintiff to determine which facts could relate to a certain defense.

Therefore, Defendant's third defense is stricken with leave to amend.

## IV. Fourth and Fifth Defenses—Unclean Hands

Defendant's fourth defense alleges that, "[i]n light of Plaintiff's practice of taking photographs of no actual value, for which there is no market, seeding them on for the purpose of attempting to extort revenue through litigation, Plaintiff's claims for equitable relief are barred by unclean hands." (ECF No. 9 at 6). Defendant's fifth defense is substantively identical to the fourth defense, and merely changes a few words. (*Id.*). Defendant does not object to striking the fifth defense. (ECF No. 17 at 8).

Plaintiff argues that the facts of the complaint go against the allegations in the fourth defense. (ECF No. 14 at 7-9). Plaintiff also argues that "Defendant's assertion that Miller's enforcement of his copyright amounts to extortion should be stricken from the pleadings as scandalous matter as Miller is well within his statutory and Constitutional rights to control when and how his copyrighted Image is disseminated to the public." (*Id.* at 9).

The Court finds that Defendant's fourth defense is adequately pled and is not scandalous. The Court will not engage in a fact inquiry at this stage of the proceedings, as there has been no discovery. In addition, while the fourth defense is unfavorable to Plaintiff, it does not "cast a cruelly derogatory light on" Plaintiff as necessary for the Court to conclude that the defense is scandalous. *U-Haul Co. of Nevada v. Gregory J. Kamer, Ltd.*, No. 2:12-cv-00231-KJD-CWH, 2013 WL 800695, at *1 (D. Nev. Feb. 21, 2013).

Therefore, Plaintiff's motion to strike is denied as to the fourth defense and granted without leave to amend as to the fifth defense.

## V. Sixth Defense—Implied Irrevocable License

Defendant's sixth defense states, "[b]y placing photographs of no real value, for which there is no market, on the internet, without providing any copyright notice in the photograph's metadata, Plaintiff has granted an implied revocable license for the use of such photographs." (ECF No. 9 at 6). Plaintiff argues that "Defendant has not met its burden of establishing an implied license" because "[n]o facts have been alleged to suggest that an implied license exists." (ECF No. 14 at 10). Plaintiff acknowledges that "a nonexclusive license may be implied from conduct" while asserting that "the facts in that case are distinguishable" from other cases finding that a license existed. (ECF No. 22 at 6).

The Court finds that Defendant's sixth defense is adequately pled. It states a legal theory and gives the grounds for that theory. As previously stated, the Court will not engage in a detailed factual analysis at this point in the case.

Therefore, Plaintiff's motion to strike is denied as to the sixth defense.

## VI. Seventh Defense—Express License

Defendant's seventh defense states that because "The New York Post placed the subject image on Twitter," Twitter's terms and conditions created an express license for others to share the picture. (ECF No. 9 at 6). Plaintiff argues this "argument has been expressly rejected" in the case *Agence France Presse v. Morel*, 769 F. Supp. 2d 295 (S.D.N.Y. 2011). (ECF No. 14 at 11-12).

The Court finds that Plaintiff's citation to a single case from a district court outside of the Ninth Circuit is insufficient to strike Defendant's seventh defense. Plaintiff did not identify, nor did the Court locate in its own research, a Ninth Circuit or District of Nevada case accepting *Morel*'s holding regarding the meaning of Twitter's terms and conditions. I cannot predict with certainty that this Court would agree

with *Morel*'s holding, and striking the seventh defense at this point in the case would prevent argument on this issue from taking place before the Court.

Therefore, Plaintiff's motion to strike is denied as to the seventh defense.

**VII.    Ninth Defense—Immunity**

Defendant's ninth defense states that it is "a service provider under 17 U.S.C. § 512 and is entitled to immunity from any claims arising from the display of Plaintiff's photograph." (ECF No. 9 at 6). Plaintiff's motion to strike "focuses its argument on subsection (c)," but Defendant asserts it "may be entitled to subsection (b) protection." (ECF No. 17 at 14).

The Court finds that Defendant's ninth defense, as currently pled, does not provide fair notice to Plaintiff of its basis. 17 U.S.C. § 512 has several subsections, but the defense does not state which subsection applies in this case or give an indication of why it would apply.

Therefore, Defendant's ninth defense is stricken with leave to amend.

**VIII.   Tenth Defense—Constitutionality**

Defendant's tenth defense asserts that 17 U.S.C. §§ 102 and 410, statues dealing with copyright protections, are unconstitutional as applied to pictures based on technological advancements in photography. (ECF No. 9 at 7). Plaintiff argues that "the Supreme Court since 1884 has found that copyright protection for photographs is constitutional" and "Defendants have presented no cognizable legal argument to suggest that Congress exceeded its constitutional powers by enacting the Copyright Act." (ECF No. 14 at 15-16). Plaintiff also argues that the Court should strike the tenth defense under the canon of constitutional avoidance. (ECF No. 22 at 10).

The Court finds that Plaintiff's arguments regarding Defendant's tenth defense cannot be properly addressed through a motion to strike. The tenth defense is not insufficient, redundant, immaterial, impertinent, or scandalous. Defendant is arguing that the law, or at least the application of the law, should

7

be changed, and Defendant has presented grounds for its argument. In addition, "[t]he canon of constitutional avoidance comes into play only when, after the application of ordinary textual analysis, the statute is found to be susceptible of more than one construction; and the canon functions as a means of choosing between them." *Clark v. Martinez*, 543 U.S. 371, 385 (2005). The Court will not engage in a binding textual analysis 17 U.S.C. §§ 102 and 410 at this stage of the case, before the parties have had the chance to engage in discovery or develop their arguments on this issue.

Therefore, Plaintiff's motion to strike is denied as to the tenth defense.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Strike Defendant/Counterclaimant's Affirmative Defenses (ECF No. 14) is DENIED as to Defendant's first, fourth, sixth, seventh, and tenth defenses.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant/Counterclaimant's Affirmative Defenses (ECF No. 14) is GRANTED WITH LEAVE TO AMEND as to Defendant's second, third, eighth, and ninth defenses. Defendant will have until May 14, 2019 to file the amended defenses.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant/Counterclaimant's Affirmative Defenses (ECF No. 14) is GRANTED WITHOUT LEAVE TO AMEND as to Defendant's fifth defense, which Defendant does not oppose.

DATED this 30th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE