Troy L. Isaacson, Esq., NV Bar No. 6690
MADDOX ISAACSON & CISNEROS, LLP
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141
Telephone: (702) 366-1900
Facsimile: (702) 366-1999

Ryan L. Isenberg
Georgia Bar No. 384899
Isenberg & Hewitt, P.C.
6600 Peachtree Dunwoody Road
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400 (Voice)
770-828-0100 (Fax)
ryan@isenberg-hewitt.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT MILLER, | CIVIL ACTION FILE |
| PLAINTIFF, | NO. 2:18-cv-02097-JAD-VCF |
| V. | |
| 4INTERNET, LLC AND JOHN DOES 1-10 | |
| DEFENDANTS. | |
| AND | |
| 4INTERNET, LLC | |
| COUNTERCLAIMANT | |
| V. | |
| ROBERT MILLER, AND MATHEW HIGBEE, AND THE LAW FIRM OF HIGBEE & ASSOCIATES, APC AND CHRISTOPHER SADOWSKI | |
| COUNTERCLAIM DEFENDANTS | |

**AMENDED ANSWER**

1

COMES NOW, 4Internet, LLC ("Defendant") in the above-styled action, and herein files this its Answer and Counterclaim, and shows this Court as follows:

Defendant responds to the enumerated paragraphs below.

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Defendant lacks sufficient information to form a belief as to the facts alleged in this paragraph.
6. Admitted.
7. Admitted.
8. Defendant admits the literal allegations in this paragraph, but in further response, as described in the counterclaim below, this is just one of over a thousand domains that are part of the 4Search.com, which utilizes a new method used to index and search the internet. These domains cover a wide range of topics including, but not limited to, many different religions, many political viewpoints, the sciences, sports, hobbies, consumer goods, etc. . .
9. Defendant admits only that the 4rightwing.com/about page contains in its description that it "is a search engine for those who are tired of the left-wing liberal bias." The page at the 4rightwing.com URL does not mention 4jewish.com. In further response, as described in the counterclaim below, this is just one of over a thousand domains that are part of the 4Search.com, which

utilizes a new method used to index and search the internet.  These domains cover a wide range of topics including, but not limited to, many different religions, many political viewpoints, the sciences, sports, hobbies, consumer goods, etc. . .

10. Denied.

11. Denied.

12. Defendant lacks sufficient information to form a belief as to the facts alleged in this paragraph.

13. Defendant lacks sufficient information to form a belief as to the facts alleged in this paragraph.

14. Defendant admits that a copyright with the alleged registration number is registered to a Robert Miller. Any other allegation contained in this paragraph is denied.

15. Defendant lacks sufficient information to form a belief as to the facts alleged in this paragraph.  In further response, Defendant shows that it believes this to be true, but will not take Plaintiff's allegation as truth.

16. Defendant admits only that there was a credit below in the bottom left corner attributing credit to Robert Miller.

17. Defendant responds to this allegation by showing that a person whose internet protocol address was 69.124.101.106 visited a page on one of Defendant's sites that contained a link and preview of a story and image located on a New York Post server.  Defendant further shows that, based on its internet server logs, which identify higbeeassociates.com as part of the referrer string, 69.124.101.106 appears to have been used by an employee or agent of Higbee & Associates.

3

Defendant admits only that the image contained in Exhibit E appears to be the subject image that could have been fetched from https://www.4jewish.com/nypost.com/rogue-goat-may-have-helped-dozens-of-farm-animals-escape-new-york-post/. In further response, Defendant shows that without an unadulterated digital version of Exhibit E, it cannot admit to its authentication. Defendant denies that the NY Post article was "re-posted" and denies any other allegations that may be found or inferred in this paragraph.

18. Denied to the extent that Miller may have granted an implied license by seeding the image on the internet for the purpose of generating a copyright infringement action, or may have granted or released rights to the New York Post that may be identified in discovery. Defendant further denies that any authorization was required or necessary.

19. Defendant admits to receiving correspondence from Plaintiff's counsel, but denies any characterization of such communication as it speaks for itself. In further response, Defendant shows that upon receipt of the letter, the post was removed. Any other allegation that may be inferred from this allegation is denied.

20. Defendant admits that its's counsel corresponded with Plaintiff's counsel, but in further response denies there was any negotiation as Defendant is unwilling to be a victim to Plaintiff's extortionate conduct.

21. Denied.

22. Defendant incorporates paragraphs 1-21 above as if fully set forth herein.

23. The allegations in this paragraph are based on a false premise that Defendant needed authorization, consent, or permission, which itself is denied. In further response, Defendant denies the allegations in this paragraph.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Any allegation not specifically admitted is hereby denied.

Defendant raises and asserts the following defenses to Plaintiff's claims.

## Facts Common to Fair Use and DMCA Defense

("common facts")

1. Defendant 4Internet operates a search engine.

2. The search engine technology (owned by its sister entity Ubunifu, LLC) utilizes a novel method of internet search described as Dynamic Search Set Creation.

3. A patent application was submitted to the United States Patent and Trademark Office ("USPTO") on February 18, 2015, and a patent was issued and assigned number 14/624,609.

4. The search engine has effectively been live "beta testing" and was not in its final form at the time of the alleged use of the Plaintiff's photograph.

5. 4Internet's search engine is comprised of thousands of domains all containing the number four as a prefix. These domains are topical and combined with the underlying patented process, are designed to produce more relevant results than a user would get using Google®, Yahoo®, or Bing®.

5

6. Search engines are used to find information.

7. Organizations and institutions that seek to attract consumers, users, and viewers, publish information on the World Wide Web.

8. If an organization or institution, such as and including the New York Post, would prefer to have its website not indexed, it can do so.

9. 4Internet uses automated processes to crawl and index the world wide web.

10. When a search is made on one of the 4Internet sites the result displays a title that is pulled directly from the source site, a link to the source, the first sentence or two from the source page, and if there is a picture associated with the source page, a reduced size image is displayed.

11. The image displayed does not reside on the 4Internet server, but resides on the server of the source.

12. When a user views the displayed image accompanying the result, the user's own settings may affect the size and placement of the display.

(Facts Relating to Creativity Defenses)

13. Upon information and belief, there are 1.3 Trillion photographs taken every year.

14. Upon information and belief, at least seventy-seven percent (77%) of Americans own smart phones capable of taking digital photographs.

15. Upon information and belief, when shown photographs taken by an iPhone X and a dSLR camera, individuals are unable to identify which device was used to take the picture.

**First Defense**

Plaintiff has failed to state a claim upon which relief can be granted.

6

**Second Defense**

Plaintiff's image lacks the constitutionally required minimal degree of creativity.  In furtherance of this defense, 4Internet asserts as follows:

16. The image in question is a picture of a goat that escaped from a farm.

17. The photographer did not choose the subject, background, lighting, or time when the photograph was taken.

18. The photographer did not dress the goat, pose the goat, or tell the goat to smile or where to stand.

19. The image's EXIF data shows the photographer used the Program AE mode, meaning that a computer camera engineer controlled the amount of light allowed through the aperature and the speed of the shutter.

20. A high definition security camera would have recorded the same image.

**Third Defense - Fair Use**

Plaintiff's claims are barred as fair use under 17 U.S.C. § 107.  In support of this defense, 4Internet incorporates paragraphs 1-15 from its common facts above as if fully set forth herein, and further asserts the following:

16. The image attached to Plaintiff's Complaint as Exhibit E was located on the server of the New York Post.

17. By indexing the article and accompanying image that was displayed by the original source, 4Internet's use served the purpose of improving access to information and was thus transformative.

18. When a user clicks on an image displayed on 4Internet's search result, including the image at issue in this case, the user would be immediately redirected to the source

7

location (here the New York Post).  Because the image is used as a mechanism to direct the viewer to the original source, the image is transformed from its original purpose.

19. The image at issue in this case is that is merely a factual observational of an animal.

20. Upon information and belief, there was and is no market for the image at issue, and therefore the market could not have been affected by 4Internet's use.

**Fourth Defense**

In light of Plaintiff's practice of taking photographs of no actual value, for which there is no market, and seeding them on for the purpose of generating revenue through copyright infringement, Plaintiff's claims for equitable relief are barred by unclean hands.

**Fifth Defense**

Stricken by consent.

**Sixth Defense**

By placing photographs of no real value, for which there is no market, on the internet, without providing any copyright notice in the photograph's metadata, Plaintiff has granted an implied revocable license for the use of such photographs.

**Seventh Defense**

The New York Post placed the subject image on Twitter®.  In so doing, the terms and conditions found at https://twitter.com/en/tos provide that the license granted to Twitter "authorizes us to make your Content available to the rest of the world *and to let others do the same* (emphasis added).  Plaintiff's claims are therefore barred by express license.

8

**Eighth Defense**

Plaintiff's photograph lacks sufficient originality such that it does not qualify for registration under 17 U.S.C. § 102.

**Ninth Defense**

4Internet is a service provider under 17 U.S.C. § 512(a) and 512(b) and is entitled to immunity from any claims arising from the display of Plaintiff's photograph.  In furtherance of this defense, 4Internet asserts as follows:

21. 4Internet is an internet service provider under 17 U.S.C. § 512(k)(1)(A) as it transmits information between a user and content of the user's choosing without alteration.

22. At all times relevant hereto, 4Internet had in place a policy that informed users that it could terminate access in the event of unauthorized use, including infringing uses.

23. At all times relevant hereto, 4Internet accommodated and did not interfere with standard technical measures, including those intended to prevent the display of copyrighted images.

24. Plaintiff's photograph as shown in Complaint Exhibit E was displayed from the server of the New York Post.  That image as displayed was not located on the 4Internet server.

25. 4Internet offers users the ability to search for and view content that is located on other networks.

26. 4Internet plays no active role in selecting or modifying any image that is displayed on or through its system.

9

27. 4Internet does not select the recipients of any images or other materials. Any images or materials are only made available as an automatic response to the user's query.

28. Other than for caching purposes, no copies are made or maintained of any images.

29. 4Internet only keeps images that are indexed in its system on a temporary basis.

30. At the time of the alleged infringement, when 4Internet would index an image, that image was downloaded into the system cache for the sole purpose of creating a thumbnail, and the downloaded image was subsequently discarded. Currently, the image is never stored in any form of permanent storage but processed through a filter to create a thumbnail and is not otherwise accessible by any user.

31. At the time of the allege infringement, a user could only view an image on a 4Internet site if that image was made available by a third-party online source.

32. 4Internet's indexing, downloading, caching and thumbnail creation are all automated technical processes that serve the purpose of making information requested by a user more easily available.

### Tenth Defense

Article I, § 8, cl. 8, of the Constitution provides Congress the authority to promote the progress of science and useful arts . . . As of 2015, a New York Times article estimated by 2017, people would take 1.3 Trillion pictures per year. As of 2018, according to a Pew Research Center survey, 77% of Americans own smartphones. In a 2017 article published on the website CNET, anecdotally, individuals were unable to discern between pictures taken by an iPhone X and a dSLR camera. Taking these as facts and assuming them to be true, as applied to photographs, 17 U.S.C. §§ 102 and 410 are unconstitutional.

WHEREFORE, as to Plaintiff's claims, Defendant 4Internet, LLC prays that the Complaint be dismissed, with all costs taxed to the Plaintiff, for an award of attorney's fees pursuant to 17 U.S.C. § 505, and for such other and further relief deemed necessary and just by this Court.

Dated this the 10th day of May, 2019.

/s/ Ryan Isenberg
Ryan L. Isenberg

**Certificate of Service**

This is to certify that I have this day served the within and foregoing Amended Answer upon Plaintiff and all other parties of record by filing the same using the CM\ECF system, which will generate notice to the following counsel of record:

Mathew K. Higbee, Esq.
HIGBEE & ASSOCIATES
3481 E Sunset Rd., Suite 100
Las Vegas, NV 89120

/s/ Ryan Isenberg