# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

ROBERT MILLER,

        Plaintiff,

vs.

4INTERNET, LLC; and DOES 1 through 10 inclusive,

        Defendants.

2:18-cv-02097-JAD-VCF

**ORDER**

MOTION TO QUASH SUBPOENA TO NYP HOLDINGS, INC. BY PLAINTIFF ROBERT MILLER (ECF NO. 56); MOTION TO QUASH SUBPOENA TO NYP HOLDINGS, INC. BY MOVANT CHRISTOPHER SADOWSKI (ECF NO. 57); MOTION TO STAY DISCOVERY BY PLAINTIFF ROBERT MILLER (ECF NO. 58); MOTION TO STAY DISCOVERY BY MOVANT CHRISTOPHER SADOWSKI (ECF NO. 59); MOTION FOR LEAVE TO FILE SUR-REPLY BY DEFENDANT 4INTERNET, LLC (ECF NO. 63); JOINT MOTION FOR CLARIFICATION (ECF NO. 65)

Before the Court are (1) plaintiff Robert Miller's motion to quash subpoena to NYP Holdings, Inc. (ECF No. 56); (2) movant Christopher Sadowski's motion to quash subpoena to NYP Holdings, Inc. (ECF No. 57); (3) plaintiff's motion to stay discovery (ECF No. 58); (4) movant's motion to stay discovery re (ECF No. 59); (5) defendant 4Internet, LLC's motion for leave to file sur-reply (ECF No. 63); (6) the parties' joint motion for clarification (ECF No. 65). The Court denies the motions to quash the subpoenas and the motions to stay. (ECF Nos. 56, 57, 58, and 59). The Court also denies the defendants' motion to file a sur-reply (ECF No. 63) and denies the motion for clarification as moot. (ECF No. 65).

**I.     Background**

Plaintiff asserts defendant 4Internet owns search engine websites that re-posted a picture taken by plaintiff that was originally published on the New York Post website. (ECF No. 1 at 2-5). Plaintiff brings a copyright infringement claim against defendant. (*Id*. at 5-6). The plaintiff argues in his motion to quash pursuant to Rule 45 that the defendant issued a subpoena to NYP Holdings, Inc. (the New York Post) to produce certain documents related to the image. (ECF No. 56 at 2). Plaintiff argues that the subpoena is overbroad (*Id*.) Non-party Christopher Sadowski, plaintiff Miller's agent, also filed a motion to quash and made most of the same arguments as plaintiff. (ECF No. 57). Plaintiff and Sadowski also filed motions to stay the enforcement of the subpoena: they argue that if NYP Holdings, Inc. complies with the subpoena they will be prejudiced. (ECF Nos. 58 and 59).

Defendant argues in its response to the motions to quash and stay that plaintiff and movant filed these motions in the wrong court. (ECF No. 60 at 3). Defendant also argues that plaintiff failed to meet and confer prior to filing its motion. (*Id.* at 4). Plaintiff and movant argue in their joint-reply that a meet and confer is not necessary because they filed their motion pursuant to Rule 45; they also argue for the first time that the Court should quash the subpoenas under Rule 26 instead and if this Court does not have jurisdiction to decide these motions, that it should transfer these motions to the Southern District of New York. (ECF No. 63 at 9).

Defendant argues in its motion for leave to file a sur-reply that plaintiff argues for relief under Rule 26 for the first time in its reply and that it should be allowed to file a sur-reply regarding those arguments. (ECF No. 63). Defendant attached a proposed sur-reply: it argues that plaintiff and movant have not met their burden to show that there is good cause to enter a protective order. (ECF No. 65-1). The parties argue in their joint motion for clarification that a status hearing regarding their discovery plan should be vacated because the parties already have a discovery plan. (ECF No. 65).

2

## II. Analysis

"A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party of party's officer." FED. R. CIV. P. 45(c)(1). Federal Rule of Civil Procedure 45(c)(3)(A) makes it clear that a motion to quash of modify must be brought before "the court for the district where compliance is required." *e-Imagedata Corp. v. Dig. Check Corp.*, No. 2:16-cv-1761-GMN-VCF, 2016 U.S. Dist. LEXIS 115595, at 3 (D. Nev. Aug. 29, 2016). "[W]hen a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion." *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 U.S. Dist. LEXIS 114348, at 6 (D. Nev. Aug. 15, 2014); citing to *KGK Jewelry LLC v. ESDNetwork*, 2014 U.S. Dist. LEXIS 38630, 2014 WL 1199326, 3 (S.D.N.Y. Mar. 21, 2014).

"When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Federal Rule of Civil Procedure 45(f). Local Rule 26-6(c) states that, "[d]iscovery motions will not be considered unless the movant (1) has made a goodfaith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and confer conference about each disputed discovery request.

"[T]he scope of permissible discovery under Rule 26 is 'broad.'" *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993)). "A party or any person from whom discovery is sought may move for a protective order in the court" and the court may, for good cause, issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party seeking protection bears the

3

burden of showing specific prejudice or harm will result if no protective order is granted. See *Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*; see also *Foltz v. State Farm Mut. Auto. Ins. Co., 331* F.3d 1122, 1130 (9th Cir. 2003) (citing *San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)).

Sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Avery v. Barsky*, 3:12-CV-00652-MMD, 2013 U.S. Dist. LEXIS 54761, 2013 WL 1663612, at 2 (D. Nev. Apr. 17, 2013) (quoting *Lacher v. W.,* 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001)). It is improper for a party to raise a new argument in a reply brief because the opposing party is not afforded an opportunity to respond. See *Salem Vegas, L.P. v. Guanci*, No. 2:12-CV-01892-GMN, 2013 U.S. Dist. LEXIS 141619, 2013 WL 5493126, at 3 (D. Nev. Sept. 30, 2013). Where the moving party presents new matters for the first time in a reply brief, the Court may either refuse to consider the new matters or allow the opposing party an opportunity to respond. See *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) ("[t]he district court need not consider arguments raised for the first time in a reply brief"); see also *Avery*, 2013 U.S. Dist. LEXIS 54761, 2013 WL 1663612, at 2-3 (the non-movant may obtain leave to file a sur-reply to address new matters raised in the moving party's reply).

Plaintiff and movant filed their Rule 45 motions in the wrong court; this Court lacks jurisdiction over NYP Holdings, Inc. in New York. The plain text of Rule 45(f) imbues the discretion to transfer subpoena-related motions with the district court where compliance is required. Compliance is required in New York, not Nevada. The Court denies the motions to quash and to stay for lack of jurisdiction.

The Court will not consider plaintiff's new argument, to construe its Rule 45 motions as motions for a protective order, because (1) these new arguments are raised for the first time in the reply; and (2) plaintiff and movant failed to meet and confer to narrow the issues before the Court as required by the local rules. Since the Court will not consider the plaintiff's arguments for a protective order in the joint-reply brief, the Court denies the defendant's motion for leave to file a sur-reply. The Court also denies the parties' joint motion for clarification regarding the scheduled status hearing as moot because the Court vacated the status hearing. (See ECF No. 66).

ACCORDINGLY,

IT IS ORDERED that plaintiff Robert Miller's motion to quash subpoena to NYP Holdings, Inc. (ECF No. 56) is DENIED.

IT IS FURTHER ORDERED that movant Christopher Sadowski's motion to quash subpoena to NYP Holdings, Inc. (ECF No. 57) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to stay discovery (ECF No. 58) is DENIED.

IT IS FURTHER ORDERED movant's motion to stay discovery re (ECF No. 59) is DENIED.

IT IS FURTHER ORDERED that defendant 4Internet, LLC's motion for leave to file a sur-reply (ECF No. 63) is DENIED.

IT IS FURTHER ORDERED that the parties' joint motion for clarification (ECF No. 65) is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 9th day of October 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE