UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert Miller,<br><br>       Plaintiff<br>v.<br><br>4Internet, LLC,<br><br>       Defendant<br><br>And All Related Claims and Parties | Case No.: 2:18-cv-02097-JAD-VCF<br><br>**Order Overruling Objection<br>to Discovery Order**<br><br>[ECF No. 79] |

Robert Miller claims that he holds the exclusive rights to a photograph that he took of a goat, which originally appeared in an article published by *The New York Post*.[1] Miller sues 4Internet, LLC for federal copyright infringement, alleging that company impermissibly used the goat photo when it re-posted *The Post*'s article on its own website.[2] Theorizing that Miller is not a professional photographer as he alleges, but rather "a copyright troll and professional litigant"[3] who abuses the copyright process, 4Internet has asserted fair-use and misuse defenses[4] and propounded written discovery into Miller's copyright-claims practices and the source of his income. Miller resisted, 4Internet moved to compel, and the magistrate judge granted the motion. Miller objects to that ruling, arguing that these discovery topics exceed the narrow elements he must prove to establish his copyright infringement claim.[5] Though that may be true,

---

[1] ECF No. 1 at ¶¶ 12–16.
[2] *Id.* at ¶¶ 17, 22–27.
[3] ECF No. 80 at 4.
[4] ECF No. 9 at 5–6.
[5] ECF No. 79.

these issues are squarely relevant to 4Internet's affirmative defenses, so I overrule the objection and affirm the magistrate judge's ruling.

**Discussion**

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[6] This standard of review "is significantly deferential" to the magistrate judge's determination.[7] A district court should overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[8] or a relevant statute, law, or rule has been omitted or misapplied.[9]

Miller has not established that the magistrate judge's order compelling responses to 4Internet's Interrogatory #6 and Requests for Documents ##9, 13, and 14 was clearly erroneous or contrary to law. He first contends that this information is irrelevant because he "need not prove he is a professional photographer to sustain a claim for copyright infringement" and it is material only to 4Internet's now-dismissed counterclaims.[10] While perhaps not direct proof of an element of the claim, and though it would have also related to counterclaims that are no longer in play, this information remains relevant to the fair-use and misuse defenses pled in 4Internet's answer,[11] and Rule 26 recognizes that discovery is permitted "regarding any

---

[6] L.R. IB 3-1(a).

[7] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

[8] *Id.* (internal quotation marks omitted).

[9] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[10] ECF No. 79.

[11] ECF No. 9 at 5–6.

nonprivileged matter that is relevant to any party's claim *or defense*."[12]  Plus, Miller put his professional-photographer credentials at issue by pleading in paragraph 12 of his complaint that he "is a professional photographer by trade" and that he "has licensed or sold his photographs to dozens of major media outlets such as The New York Post, The New York Times, Rolling Stone Magazine, South China Morning Post, Agence France-Press, Newsday, New York Daily News, Newsweek Magazine, People Magazine, The Associated Press, and USA Today."[13]  So the magistrate judge's finding that this information is relevant for the purposes of discovery is not clearly erroneous or contrary to law.

Miller next argues that his copyright-enforcement efforts are not relevant to any damages calculation and, at most, should be limited to the year of the infringement: 2018.[14]  He adds that whether he is a professional photographer or litigant does not matter—it only matters that he holds the copyright.[15]  But, again, these topics have arguable relevance to 4Internet's fair-use and misuse defenses.  As the Ninth Circuit has recognized, the most important consideration for whether the use of a copyrighted work is "fair" is "the effect of the use upon the potential market for or value of the copyrighted work."[16]  And Miller's professional activities—whether as a photographer or litigant—may be probative of this photograph's potential market or value.[17]

---

[12] Fed. R. Civ. P. 26(b)(1) (emphasis added).

[13] ECF No. 1 at ¶ 12.

[14] ECF No. 79 at 6.

[15] *Id.*

[16] *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1197 (2021) (quoting 17 U.S.C. § 107(4)); *Monge v. Maya Mags., Inc.*, 688 F.3d 1164, 1180 (9th Cir. 2012) (citing *Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 566 (1985)).

[17] This ruling is not intended, nor may it be interpreted as, this court's opinion about the merits of such a defense in this case or the ultimate admissibility of such evidence at trial.

**Conclusion**

IT IS THEREFORE ORDERED that Plaintiff Robert Miller's Objection to Order Granting Motion to Compel **[ECF No. 79] is OVERRULED.**

**The parties must confer and submit a joint stipulation regarding deadlines by August 4, 2021.**[18]

_____
U.S. District Judge Jennifer A. Dorsey
Dated: July 27, 2021

---

[18] *See* ECF No. 85 (order granting stay pending this ruling).