CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar No. 14853

SKYLER H. PEARSON
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
skyler.pearson@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Robert Miller,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>4Internet, LLC; and John Does 1-10,<br><br>　　　　　Defendants. | Case No. 2:18-cv-02097-JAD-VCF<br><br>**United States' Acknowledgement of Constitutional Challenge in Defendant's Motion for Summary Judgment** |

On July 23, 2020, Defendant 4Internet, LLC filed a notice of constitutional challenge with respect to 17 U.S.C. §§ 102 and 410. ECF No. 49. Although the United States may intervene in any action wherein the constitutionality of an act of Congress is questioned, 28 U.S.C. § 2403, at the time, the constitutional challenge was only raised in Defendant's Amended Answer. *See* ECF No. 29. Nonetheless, the United States filed an acknowledgment of the constitutional challenge and requested an opportunity to respond should the challenge be raised in a substantive filing. *See* ECF No. 64.

On November 1, 2021, the United States became aware of Defendant's motion for summary judgment (ECF No. 94). As part of its motion, Defendant again challenges the constitutionality of 17 U.S.C. §§ 102 and 410 (ECF No. 94 at 26–30). However, the basis for the constitutional challenge remains unclear, and given that the motion argues various alternative grounds for summary judgment, there still is some possibility that the case may

be resolved without the Court deciding any of the constitutional challenges asserted by Defendant. Thus, the United States believes that intervention at this time may still be unnecessary. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981) ("[P]rior to reaching any constitutional question, federal courts must consider nonconstitutional grounds for decision."); see also Rule 5.1(c) ("Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.").

The Solicitor General decides whether to approve intervention by the United States, 28 C.F.R. § 0.21. Obtaining the Solicitor General's approval generally takes several weeks. Therefore, should the Court believe it necessary to reach Defendant's constitutional challenge, and do anything other than reject it outright, the United States respectfully requests that the Court notify the United States and provide it the opportunity to determine whether intervention is necessary and permit the United States to intervene within sixty days of the Court's notice.

Respectfully submitted this 17th day of November 2021.

CHRISTOPHER CHIOU
Acting United States Attorney

 /s/  *Skyler H. Pearson*
SKYLER H. PEARSON
Assistant United States Attorney