Mathew K. Higbee, Esq., SBN 11158
Ryan E. Carreon, *pro hac vice*
**HIGBEE & ASSOCIATES**
2445 Fire Mesa St., Suite 150
Las Vegas, NV 89128
(714) 617-8373
(714) 597-6729 facsimile
Email: mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

Attorney for Plaintiff,
ROBERT MILLER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**LAS VEGAS DIVISION**

| | |
|---|---|
| ROBERT MILLER, | Case No. 2:18-cv-02097-JAD-VCF |
| Plaintiff, | **NOTICE OF APPEAL** |
| v. | |
| 4INTERNET, LLC; and DOES 1 through 10 inclusive, | |
| Defendants. | |

# NOTICE OF APPEAL

Notice is hereby given that Plaintiff Robert Miller in the above-referenced case, hereby appeals to the United States Court of Appeals for the Ninth Circuit the Order dated July 5, 2022, at Dkt. 117, attached hereto as Exhibit A, the Judgment dated July 5, 2022 at Dkt. 118, attached as Exhibit B.

True and correct copies of these documents are attached as exhibits hereto.

Dated: August 4, 2022　　　　　　　　　　Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## REPRESENTATION STATEMENT

**Plaintiff/Appellant**

Robert Miller

c/o Higbee & Associates

1504 Brookhollow Dr., Suite 112

Santa Ana, CA 92705


**Represented By**

Mathew K. Higbee, Esq.,

**HIGBEE & ASSOCIATES**

1504 Brookhollow Dr., Suite 112

Santa Ana, CA 92705

(714) 617-8300

Email: mhigbee@higbeeassociates.com


Ryan E. Carreon, Esq.,

**HIGBEE & ASSOCIATES**

1504 Brookhollow Dr., Suite 112

Santa Ana, CA 92705

(714) 617-8300

Email: rcarreon@higbeeassociates.com


Naomi M. Sarega, Esq.,

**HIGBEE & ASSOCIATES**

1504 Brookhollow Dr., Suite 112

Santa Ana, CA 92705

(714) 617-8300

Email: nsarega@higbeeassociates.com

| | |
|---|---|
| 1 | **Defendant/ Appellee** |
| 2 | 4Internet, LLC |
| 3 | c/o Isenberg & Hewitt, P.C. |
| 4 | 6600 Peachtree Dunwoody Road |
| 5 | 600 Embassy Row, Suite 150 |
| 6 | Atlanta, Georgia 30328 |
| 7 | 770-351-4400 |
| 8 | |
| 9 | **Represented By** |
| 10 | Ryan L. Isenberg |
| 11 | Isenberg & Hewitt, P.C. |
| 12 | 6600 Peachtree Dunwoody Road |
| 13 | 600 Embassy Row, Suite 150 |
| 14 | Atlanta, Georgia 30328 |
| 15 | 770-351-4400 |
| 16 | ryan@ihlaw.us |
| 17 | |
| 18 | Troy L. Isaacson, Esq., |
| 19 | Isaacson Law |
| 20 | 9900 Covington Cross Drive, Suite 210B |
| 21 | Las Vegas, NV 89144 |
| 22 | Telephone: (702) 529-5229 |
| 23 | Troy@IsaacsonLawLV.com |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States, am over the age of 18 and not a party to the within action. My business address is 2445 Fire Mesa St., Suite 150, Las Vegas, NV 89128.

On August 4, 2022 I caused to be served the foregoing documents:

**NOTICE OF APPEAL**

X    I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, District of Nevada using the CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

Ryan Isenberg ryan@ihlaw.us
Troy L. Isaacson    Troy@IsaacsonLawLV.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 4, 2022 at Wilmington, Delaware.

*/s/ Ryan E. Carreon*
Ryan E. Carreon

# Exhibit "A"

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert Miller, | Case No.: 2:18-cv-02097-JAD-BNW |
| Plaintiff | |
| v. | **Order Denying *Landis* Stay and Granting Summary Judgment for Defendant** |
| 4Internet, LLC, | [ECF Nos. 94, 97, 110] |
| Defendant | |

After successfully escaping his own confinement, the subject of this litigation allegedly staged a daring rescue of dozens of his compatriots. When his mass-breakout efforts were thwarted by the residents and law enforcement of Hackettstown, New Jersey, he remained undeterred, returning to free the recaptured. Robert Miller, a freelance photographer for the *New York Post*, rushed to Hackettstown to photograph the scene and the hero himself—Fred the goat. Miller's efforts paid off, and *The Post* ran a story titled "Rogue goat may have helped dozens of farm animals escape" that featured Miller's photo of Fred front and center.

According to Miller, without first obtaining licensing rights, 4Internet, LLC featured the image on two of its subsidiary websites via inline link for about a month. He sues the company for copyright infringement, seeking statutory and special damages and injunctive relief, and the parties crossmove for summary judgment. Miller also moves to stay this case under *Landis v. North American Company*, noting that a similar case challenging the current test for copyright infringement involving digital images is pending before the Ninth Circuit. Because I find it unnecessary to await the court of appeals' decision in that case, I deny Miller's motion to stay. I further grant summary judgment in 4Internet's favor because the operative test forecloses Miller's claim.

**Discussion**

**I.     Miller's motion to stay under *Landis* [ECF No. 110]**

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[1]  When determining whether a stay is appropriate pending the resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[2]

Miller asks me to stay this case because the appeal in *Hunley v. Instagram, LLC*, currently pending before the Ninth Circuit, directly challenges the continued viability of the "server test," the current standard for copyright infringement involving digital images.[3]  But the server test is still good law in this circuit, and until the court of appeals sits en banc to reconsider it,[4] its viability is not truly threatened.  And beyond the fact that *Hunley* presents the question, there is no indication that the court of appeals has retreated from or narrowed the existing test in the fifteen years it has existed; nor does Miller present compelling arguments that the court is likely to do so now.  Staying every case that relates to a pending appeal hinders—not promotes judicial economy.  And the interests of the parties to this case, already in its fourth year, would not be served by a stay that further delays its adjudication.  When balanced against the possible

---

[1] *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

[2] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

[3] *Hunley v. Instagram, LLC*, Case No. 22-15293 (filed March 1, 2022).

[4] *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("[T]he first panel to consider an issue sets the law not only for all the inferior courts in the circuit, but also future panels of the court of appeals.  Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court.").

damage and hardship that may result from a stay, the likelihood of benefit is insufficiently weighty to justify one. So I deny Miller's motion for a stay.

## II.   The parties' crossmotions for summary judgment [ECF Nos. 94, 97]

### A.   Summary-judgment standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[5] "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."[6] A fact is material if it could affect the outcome of the case.[7]

On summary judgment, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party.[8] So the parties' burdens on an issue at trial are critical. When the movant bears the burden of proof, "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[9] If it does, the burden shifts to the nonmoving party, who "must present significant probative evidence tending to support its claim or defense."[10] But when the moving party does not bear the burden of proof on the dispositive issue at trial, it is not required to produce evidence to negate the opponent's

---

[5] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The court's ability to grant summary judgment on certain issues or elements is inherent in Federal Rule of Civil Procedure (FRCP) 56. *See* Fed. R. Civ. P. 56(a).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[7] *Id.* at 249.

[8] *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[9] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

[10] *Id.*

3

claim—its burden is merely to point out the evidence showing the absence of a genuine material factual issue.[11] The movant need only defeat one element of a claim to garner summary judgment on it because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[12] "When simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of"—and against—"both motions before ruling on each of them."[13]

### B. Because the goat photo never left the *Post*'s servers, 4Internet couldn't have infringed Miller's copyright.

The Copyright Act gives a copyright owner the exclusive right to "display the copyrighted work publicly."[14] Under the act, "display" means "to show a copy of it, either directly or by means of a film, slide, television image, or any other device or process . . . ."[15] And "copies" are "material objects . . . in which a work is fixed by any method . . . and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device."[16] The act further provides that a work is "fixed in a tangible medium of expression when its embodiment in a copy . . . , by or under the authority of the

---

[11] *Celotex*, 477 U.S. at 323.

[12] *Id.* at 322.

[13] *Tulalip Tribes of Wash. v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (citing *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001)).

[14] 17 U.S.C. § 106(5).

[15] *Id.* at § 101.

[16] *Id.*

4

author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration."[17]

The Ninth Circuit in *Perfect 10, Inc. v. Amazon.com, Inc.* adopted the "server test" to determine when a website's display of a copyrighted image amounts to infringement.[18] Under that test, "a [web-based] photographic image is a work that is fixed in a tangible medium of expression [only] when embodied (i.e., stored) in a computer's server (or hard disk, or other storage device)."[19] And "the image stored in the computer is the copy of the work for purposes of copyright law."[20] So long as a website does not store a copy of the copyrighted image on its own server, it cannot communicate a copy of it and thereby infringe upon the copyright owner's exclusive-display rights.[21]

4Internet offers a host of arguments supporting its summary-judgment motion and opposing Miller's, including that (1) Miller's copyright is invalid because the goat photo isn't sufficiently creative or original; (2) because the photo never left *The Post*'s servers, 4Internet couldn't have infringed Miller's copyright under the server test; and (3) even if the copyright is valid and 4Internet did infringe it, 4Internet's display of the photo was fair use. Miller rejects all of 4Internet's arguments, but he concedes that "4Internet did not make a direct copy of the goat photograph on to its server, but instead displayed the goat photograph via an inline link directly from the [*Post*]'s website."[22]

---

[17] *Id.*
[18] *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159–61 (9th Cir. 2007).
[19] *Id.* at 1160 (cleaned up).
[20] *Id.* (cleaned up).
[21] *See id.* at 1159–61.
[22] ECF No. 97 at 11.

Assuming the copyright is valid, the only way that 4Internet could have infringed it is if inline linking to the goat photo on *The Post*'s servers is tantamount to copying and storing it on 4Internet's own servers. But Miller presents no case law narrowing the server test as laid out by the Ninth Circuit in *Perfect 10*—which itself involved inline-linked images—that would allow that to be the case. Because the parties agree that the goat photo never left *The Post*'s servers and no law in this circuit imposes copyright-infringement liability for inline-linked images, Miller's claim cannot succeed.

Miller suggests that the server test is invalid under the Copyright Act's text and that *Perfect 10* has been indirectly overturned or limited by the Supreme Court's decision in *American Broadcasting Companies, Inc. v. Aereo, Inc.*[23] In *Aereo*, the High Court reversed the denial of a preliminary injunction against a service that relayed and recorded live network television without a license, finding that the service "perform[ed]" copyrighted works publicly in violation of copyright holders' exclusive rights.[24] But the Ninth Circuit, whose precedent binds this court, crafted the server test out of the "plain language" of the Copyright Act and has continued to apply that test years after *Aereo*.[25] So until the Ninth Circuit sits en banc to reconsider the server test, in light of *Aereo* or otherwise, I cannot find that it is invalid. To the extent that Miller argues otherwise, he should "present these arguments to the Ninth Circuit."[26]

---

[23] *Am. Broadcasting Cos., Inc. v. Aereo, Inc.*, 573 U.S. 431 (2014).

[24] *See id.* at 445–51.

[25] *Perfect 10*, 508 F.3d at 1160; *see, e.g., Bell v. Wilmott Storage Servs.*, LLC, 12 F.4th 1065, 1072 (9th Cir. 2021).

[26] *Hunley v. Instagram, LLC*, 2022 WL 298570, at *2 (N.D. Cal. Feb. 1, 2022).

6

**Conclusion**

IT IS THEREFORE ORDERED that 4Internet, LLC's motion for summary judgment **[ECF No. 97] is GRANTED** and Robert Miller's motion for summary judgment **[ECF No. 94] is DENIED**. The Clerk of Court is directed to ENTER SUMMARY JUDGMENT in favor of the defendant and CLOSE THIS CASE.

IT IS FURTHER ORDERED that Miller's motion to stay **[ECF No. 110] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
July 5, 2022

# Exhibit "B"

AO450 (NVD Rev. 2/18)   Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

Robert Miller,

                Plaintiff,

v.

4Internet, LLC,

                Defendant.

JUDGMENT IN A CIVIL CASE

Case Number: 2:18-cv-02097-JAD-BNW

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

☒ **Decision by Court.** This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

that summary judgment is in favor of Defendant 4Internet, LLC, and against Plaintiff Robert Miller.

7/5/2022  
Date

DEBRA K. KEMPI  
Clerk

/s/ Y. Williams  
Deputy Clerk