Troy L. Isaacson, Esq., NV Bar No. 6690
Isaacson Law
9900 Covington Cross Drive, Suite 210B
Las Vegas, NV 89144
Telephone: (702) 529-5229
Facsimile: (702) 529-5228
Troy@IsaacsonLawLV.com

Ryan L. Isenberg
Georgia Bar No. 384899
Isenberg & Hewitt, P.C.
6600 Peachtree Dunwoody Road
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400 (Voice)
770-828-0100 (Fax)
ryan@ihlaw.us

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT MILLER, | CIVIL ACTION FILE |
| PLAINTIFF, | NO. 2:18-cv-02097-JAD-VCF |
| V. | |
| 4INTERNET, LLC AND JOHN DOES 1-10 | |
| DEFENDANTS. | |

**MOTION TO COMPEL COMPLIANCE WITH**
**POST JUDGMENT SUBPOENA TO HIGBEE & ASSOCIATES**

COMES NOW, Defendant 4Internet, LLC ("Defendant") and files this its Motion to Compel, and show this Court as follows:

**Relevant Facts**

1. The Court entered judgment in the amount of $99,604.42 in favor of Defendant 4Internet, LLC on December 20, 2022 (Doc. 141).

1

2. Higbee & Associates, which claims to maintain an office in Las Vegas, Nevada, has been counsel for Miller for several years.

3. The Nevada Secretary of State's office lists Mathew Higbee as the registered agent at the registered office for the corporation located at 3110 W Cheyenne Ave, N Las Vegas, NV, 89032.

4. Mr. Higbee is also the registered agent for his law firm in California located at 1504 Brookhollow Drive, Suite 112, Santa Ana, CA 92705.

5. Mr. Higbee is not physically present at the address in Las Vegas and available for service as its registered agent.[1]

6. Apparently, Mr. Higbee is not always available at his office in California either.[2]

7. In the world of remote access and Zoom, wherever Mr. Higbee is when he practices law is irrelevant, but Higbee & Associates has failed to maintain a registered office as required in Nevada.

8. On March 9, 2023, Defendant served, by email directly on Mathew Higbee, a subpoena on The Law Firm of Higbee & Associates seeking documents relating to settlements,

---

[1] See 2:21-cv-00970-ART-VCF in this Court Doc. 41 in which Mr. Higbee sought to appear for a Zoom hearing because he currently resides outside of Nevada. Court records are replete with assertions that Mr. Higbee primarily works in his California office. See 2:18-cv-03353-ADS-ARL Doc. 41-1 in the Eastern District of New York and 5:16-cv-00310-gwc Doc. 24-1 in the District of Vermont. His Oregon bar information also lists his California office address.

[2] See Isenberg Decl. ¶ 13. In a malpractice claim filed against him by a former photography client the process server served a receptionist because Mr. Higbee was not present at his California office.

2

demands, and funds received related to Plaintiff ("the Subpoena"). See Isenberg Dec. Ex. A.

9. Local Rule IC 4-1(a) provides that participants in the court's electronic filing system consent to electronic service of papers and pleadings. F.R.C.P. § 5(b)(E) allows for service by other electronic means.

10. Higbee & Associates was previously a party to this case which, on its own behalf, filed a Notice of Appeal on January 18, 2023 (Doc. 142).

11. Counsel in this case, including Mathew Higbee and Ryan Carreon, have exchanged all discovery by email. Isenberg Decl. ¶ 8.

12. In addition, on March 13 and again on March 20, the undersigned and Mr. Higbee communicated by email with respect to the scheduling of his client's deposition. Isenberg Decl. Ex. C.

13. On March 28, 2023, the undersigned followed up relating to the Subpoena to ascertain the intent of Higbee & Associates. See Isenberg Decl. Ex. D.

14. Neither Mathew Higbee, nor his colleague Ryan Carreon at Higbee & Associates, responded to the March 28 email, though separately the undersigned and Mr. Carreon had communicated about an extension relating to a pending appeal of the Court's denial of Higbee & Associates' Motion for Attorney's Fees. Isenberg Decl. ¶¶ 11-12.

15. No stay has been sought or entered as to the amended judgment.

**Argument and Citation to Authority**

16. F.R.C.P. § 69(a)(2) permits a judgment creditor to propound discovery on third parties. See *NML Cap. Ltd. v. Republic of Argentina*, No. 2:14-CV-492-RFB-VCF, 2014 WL 3898021, at *4 (D. Nev. Aug. 11, 2014).

3

17. In order to unlock the doors of post-judgment discovery from third parties, 4Internet need only demonstrate "the necessity and relevance of the discovery sought." *Id.*

18. Miller's claims against others for copyright infringement are an asset or a potential asset. See e.g., *Gallegos v. Malco Enterprises of Nevada, Inc.*, 127 Nev. 579, 580, 255 P.3d 1287, 1288 (2011).

19. As part of his routine engagement with his clients, Higbee obtains a power of attorney authorizing he and his entire staff to communicate about and settle claims on his clients' behalf without consulting the client. Miller Depo. 140:24-141:20.[3]

20. When asked how many claims have been asserted on his behalf, Plaintiff responded that "Higbee would know that information. Miller Depo. 52:25-53:20.

21. Based on Miller's proclaimed lack of knowledge and the autonomy that Higbee & Associates has over Miller's claims, Higbee & Associates is likely to be in possession of documents that would allow 4Internet to ascertain the status of claims that Miller has brought or may bring, are pending or active, the presence of funds belonging to Miller in Higbee & Associate's possession or funds it anticipates collecting on his behalf.

22. Having demonstrated that Higbee & Associates is likely to be in possession of documents that would aid 4Internet in executing upon its judgment, the Court should grant this motion and enter an order compelling production of the documents forthwith.

Respectfully submitted April 7, 2023.

/s/ Ryan Isenberg
Ryan Isenberg

---

[3] See also Isenberg Decl. 13; Ex. E (¶ 32 of Complaint for Legal Malpractice filed by former client Michael Grecco).

4

**Certificate of Service**

This is to certify that I have this day served the withing and foregoing Motion to Compel upon Higbee & Associates by filing the same using the Court's CM/ECF system, which will generate notice to all counsel of record.

<u>/s/ Ryan Isenberg</u>

5