Troy L. Isaacson, Esq., NV Bar No. 6690
Isaacson Law
9900 Covington Cross Drive, Suite 210B
Las Vegas, NV 89144
Telephone: (702) 529-5229
Facsimile: (702) 529-5228
Troy@IsaacsonLawLV.com

Ryan L. Isenberg
Georgia Bar No. 384899
Isenberg & Hewitt, P.C.
6600 Peachtree Dunwoody Road
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400 (Voice)
770-828-0100 (Fax)
ryan@ihlaw.us

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT MILLER, <br><br> PLAINTIFF, <br><br> V. <br><br> 4INTERNET, LLC AND JOHN DOES 1-10 <br><br> DEFENDANTS. | CIVIL ACTION FILE <br><br> NO. 2:18-cv-02097-JAD-VCF |

**REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL**

COMES NOW, 4Internet, LLC ("Defendant") and files this its Reply Brief in Support of Defendant's Motion to Compel (Doc. 147) and show this Court as follows:

**Argument and Citation to Authority**

**I.      The Subpoena is Enforceable**

Defendant argues both that service by email is improper and that it is not subject to the jurisdiction of the Court.  These arguments are legally intertwined. In *Genx Processors*

1

*Mauritius Ltd. v. Jackson*, No. 214CV01938APGPAL, 2018 WL 5777485, at *6 (D. Nev. Nov. 2, 2018) in analyzing whether to enforce a subpoena in a matter involving the alter ego of a company registered to do business in Nevada, the district court found that a corporation had "purposely availed itself of the privilege of doing business in Nevada by registering with the Nevada Secretary of State as a foreign corporation." *Genx Processors Mauritius Ltd. v. Jackson*, No. 214CV01938APGPAL, 2018 WL 5777485, at *6 (D. Nev. Nov. 2, 2018).  In *NML Cap. Ltd. v. Republic of Argentina*, No. 2:14-CV-492-RFB-VCF, 2014 WL 3898021, at *10 (D. Nev. Aug. 11, 2014) this Court, in ultimately compelling production of documents in a post-judgment subpoena dispute, determined that "[g]iven the unique status of the corporate person, a federal court's subpoena power reaches all documents—no matter where they are located—that are within a resident corporation's custody or control.  H&A is not only registered to do business in Nevada, but actively represents to this Court (and the public in its online presence) that it has a law office in Nevada.  The notion that H&A cannot be subpoenaed in Nevada under these circumstances is frivolous.

    More problematic is the reality that H&A doesn't maintain a registered agent in Nevada, and by all appearances, doesn't actually have anyone of authority working in its Nevada office.  On March 20, 2023, the image below was taken outside of the location that H&A claims as it physical and registered office.   It seems strikingly unadorned for a firm that on its website claims to have at least 18 offices nationwide.[1]

---

[1] See https://www.google.com/maps/d/embed?mid=1-3KDmbJ-vNQMtQzPH22fZxG1ENc&ll=37.936538259343735%2C-98.33625394999999&z=5

2



"Rule 45(b) governs the service of subpoenas; however, Rule 45(b) is silent with respect to service on a corporation. Fed. R. Civ. P. 45(b)."  See  *Howlink Glob. LLC v. AT&T, Inc.*, No. 222CV00040JRGRSP, 2022 WL 17069109, at *1 (E.D. Tex. Nov. 17, 2022); See also *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, No. 17CV1943 LAB (JMA), 2018 WL 2387580, at *3 (S.D. Cal. May 24, 2018) (Rule 45 does not specify what constitutes personal service on a corporation in the United States or in a foreign country.).  Courts are increasingly finding that "delivery under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal service." *Id*. quoting *Chambers v. Whirlpool Corp.*, 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016) (citations and internal quotations omitted).

 In light of a history of personally and directly communicating with Mathew Higbee dating back to September of 2018 (Doc. 121-3 pp. 4) and the fact that Mr. Higbee (who is not

3

only the registered agent, but the sole officer of H&A[2]) was not to be found where he represents to this Court and the Nevada Secretary of State that he may be found, emailing the subpoena to him was, as a matter of fact, the only reasonable way to ensure actual receipt.  On the off chance he decided not to check his email, it was also sent to his colleague Ryan Carreon – as was the follow-up.  The subpoena commands production of documents at Mr. Isaacson's office which is about ten or so miles away from the H&A North Las Vegas office and about a twenty-minute drive even at rush hour.  Of course, H&A could simply make the documents available electronically and provide a link or put them on a flash drive and deliver them via FedEx and send 4Internet the bill.

II.   **Waiver**

"Where a party has actual notice, failure to make a timely objection waives insufficiency of service." *E. & J. Gallo Winery v. EnCana Energy Serv., Inc.*, No. CVF03–5412AWI LJO, 2005 WL 3710352, at *4 (E.D.Cal. Aug.15, 2005); *Kwong Mei Lan Mirana v. Battery Tai-Shing Corp.*, No. C 08-80142MISC.JFRS, 2009 WL 290459, at *2 (N.D. Cal. Feb. 5, 2009).  Here,

---

[2]



4

Higbee had actual notice of the subpoena. Not only did he not respond to the email regarding the subpoena, but he didn't respond to the follow-up email specifically asking what the intention was with respect to that subpoena (Doc. 147-1 pp.18).

### III.     The Court Should Enforce the Subpoena

Defendant has not sought sanctions, and clearly H&A has actual knowledge of the subpoena. In *In re Subpoena to VaughnPerling*, No. 219MC00083CASEX, 2019 WL 8012372, at *5 (C.D. Cal. Dec. 2, 2019) the district court, after considering authority and policy considerations decided that it would elevate form over substance to require any further efforts at service and granted a motion to enforce subpoenas.  Among the authority the *VaughnPerling Court* relied upon was *Chambers*, supra, which in part involved attorneys who were, to the frustration of that court, unwilling to accept service of the subpoena.  It may be true that in a number of instances where alternative service is allowed that prior attempts at traditional methods of service have first been tried, but there is no provision in Rule 45 for the consideration of the law does not require futile acts.  *United States v. Olafson*, 213 F.3d 435, 441 (9th Cir. 2000) (citations omitted). Given the circumstances before the Court and applying Federal Rule 1, the Court should simply order H&A to comply with the subpoena within twenty days of an order.

Respectfully submitted April 25, 2023.

<u>/s/ Ryan Isenberg</u>
Ryan Isenberg

**Certificate of Service**

This is to certify that I have this day served the withing and foregoing Reply Brief upon Higbee & Associates by filing the same using the Court's CM/ECF system, which will generate notice to all counsel of record.

/s/ Ryan Isenberg